Beth A. O'Connor, Esq. Informal Opinion County Attorney No. 2000-10 County of Columbia 401 State Street Hudson, N Y 12534
Dear Ms. O'Connor:
You have inquired whether the county attorney has exclusive authority under section 501 of the County Law to represent the county in all civil litigation brought by or on behalf of the county or whether, pursuant to section 66 of the Social Services Law, the county legislature may authorize county social services department attorneys appointed by the county social services commissioner to represent that department in litigation without these attorneys having been deputized by the county attorney. We conclude that the legislative body has authority, without the involvement of the county attorney, to assign to social services department attorneys appointed by the commissioner the duty to represent the social services department in civil actions and proceedings.
Section 501 of the County Law sets forth the authority of the county attorney to conduct litigation for the county. Under this section,
 [t]he county attorney shall prosecute and defend all civil actions and proceedings brought by or against the county, the board of supervisors, and any officer whose compensation is paid from county funds for any official act, except as otherwise provided by this chapter or other law.
Thus, the county attorney's authority to handle civil litigation for the county is not necessarily exclusive, because section 501 envisions that such authority is limited "as otherwise provided by this chapter or other law."
Section 66(1) of the Social Services Law is such an express limitation. This provision permits a county legislative body to authorize appointment by the county social services commissioner of attorneys in the county department of social services to "perform duties [the legislature] considers necessary to carry out" the provisions of the Social Services Law. Specifically, section 66(1) provides as follows:
 The legislative body of a county may authorize the appointment of any number of deputy commissioners of social services, . . . other assistants and employees, including attorneys to perform duties it considers necessary to carry out the provisions of this chapter. However, such legislative body may also authorize that such attorneys, in addition to performing the duties assigned to them by the county commissioner, may be deputized by the county attorney to perform duties on his behalf in connection with the work of the social services department.
The legislative history of this provision makes clear that litigation on behalf of the county social services department is among the "duties" that the county legislature might "consider necessary to carry out the provisions of" the Social Services Law. Chapter 326 of the Laws of 1976 amended section 66(1) by removing the bracketed language:
 The [board of supervisors] legislative body of the county may authorize the appointment of any number of deputy commissioners of [public welfare] social services, physicians to care for sick persons in their homes, other assistants and employees, including attorneys to perform duties [other than those of the county attorney,] it considers necessary to carry out the provisions of the chapter. (Emphasis supplied) Prior to the amendment, the statute by its terms precluded direct assignment by the county legislature to social services attorneys of responsibility for litigation, which under County Law § 501 was the exclusive duty of the county attorney. This meant that previously, the cost of such litigation was a county expense rather than a social services expense, and as such ineligible for social services reimbursement by the state and federal governments. The amendment to § 66(1) was expressly designed to permit the legislative body, without the involvement of the county attorney, to authorize social services department attorneys to represent the department in actions and proceedings under the Social Services Law, and thus to establish the county's eligibility for reimbursement of the costs of such litigation. See
Bill Jacket, L. 1976, ch. 326, June 1, 1976 Memorandum to the Governor from the New York State Department of Social Services; June 3, 1976 Memorandum to the Governor from the Division of the Budget; June 8, 1976 Memorandum to Counsel to the Governor from the Secretary of State.
 Both before and after the 1976 amendment to section 66(1), the county legislative body was empowered under that section to authorize the county attorney to deputize social services attorneys. Prior to the amendment, however, deputization was the only mechanism through which social services attorneys could represent that department in litigation. Under current law, deputization is an alternative to a direct grant by the county legislature to social services attorneys of independent authority to represent their department. See Op Atty Gen (Inf) No. 96-8 (citing 1987 Op Atty Gen [Inf] 89), reaching the same conclusions in construing sections 254 and 535(b) of the Family Court Act.
 Thus, section 66(1) authorizes, consistent with the exception in section 501 of the County Law, the county legislature's direct delegation to attorneys in the social services department of responsibility to represent the department in litigation independently of any authority given these attorneys by the county attorney. It is true that the several provisions of § 66(1) are permissive. The legislative body may decide not to delegate litigation responsibility at all, leaving that responsibility with the county attorney. It may also authorize the county attorney to deputize social services attorneys to represent the social services department in litigation on his behalf. But pursuant to the statute, interpretative case law, and legislative history, a legislative body that wishes to bypass the county attorney in authorizing social services attorneys to conduct litigation may do so.
 Therefore, in answer to your inquiry, under current law deputization by the county attorney is not necessary to permit social services attorneys appointed by the social services commissioner to represent their department in litigation.
 The Attorney General renders formal opinions only to officers and departments of State government. This perforce is an informal and unofficial expression of the views of this office.
Very truly yours,
JAMES D. COLE, Assistant Solicitor General
In Charge of Opinions